FILED
2018 Oct-03 AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EHD TECHNOLOGIES, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-00975-KOB |
| | ) |
| **CINCINNATI INDEMNITY COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on "Plaintiff's Motion to Remand and Request for Attorneys Fees." (Doc. 5). On June 25, 2018, Defendant Cincinnati Indemnity Company removed this case from the Circuit Court of Jefferson County, Alabama to this court. (Doc. 1). Cincinnati Indemnity properly alleged diversity of citizenship jurisdiction in its timely notice of removal. (Doc. 1). Plaintiff EHD Technologies, LLC does not contest jurisdiction or timing. EHD instead argues that Cincinnati Indemnity waived its right to remove by manifesting an intent to litigate the case in state court. For the reasons set out below, this court finds that Cincinnati Indemnity did not manifest its intent to litigate this case in state court, and so denies Plaintiff's motion to remand.

**I. Background**

EHD filed this action, styled as *EHD Technologies, LLC v. Cincinnati Indemnity Co.* (hereinafter EHD case), against Cincinnati Indemnity in the Circuit Court of Jefferson County, Alabama on June 6, 2018 at 1:10 pm. (Doc. 5 at 2). EHD claimed that Cincinnati Indemnity failed to indemnify EHD pursuant to the insurance policy issued by Cincinnati Indemnity when

1

EHD was previously sued for a slip-and-fall accident. (Doc. 1 at Exhibit A). The policy at issue was EPP 013 70 32. (*Id.*). EHD's causes of action included (1) breach of contract, (2) abnormal bad faith, and (3) bad faith. (*Id.*).

Just two hours before EHD filed its case in state court, Cincinnati Insurance Company filed a case against EHD, styled as *Cincinnati Insurance Co. v. EHD Technologies, LLC* (hereinafter Cincinnati Insurance case). That case was filed on June 6, 2018 at 11:16 am, also in the Circuit Court of Jefferson County, Alabama. (Doc. 5 at 1). Cincinnati Insurance alleged that EHD had not paid its premiums on three insurance policies: EPP 013 70 32, the policy involved here, and two unrelated workers compensation policies. (*Id.* at 1–2). Cincinnati Insurance's causes of action included (1) open account, (2) breach of contract, and (3) account stated. (Doc. 5 at Exhibit 1).

EHD argues that the filing of the second case in state court—two hours before EHD filed this suit—demonstrated Cincinnati Indemnity's intent to litigate the EHD case in state court.

## II. Standard of Review

The party seeking removal must present facts establishing its right to remove and has the burden of proving that federal jurisdiction exists by a preponderance of the evidence. *See Friedman v. N.Y. Life Ins.*, 410 F.3d 1350, 1353 (11th Cir. 2005). When the party seeking removal fails to present such facts to satisfy its burden, the case must be remanded. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1321 (11th Cir. 2001). Generally, a defendant may remove a case filed in state court if the action could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a) (2012). A federal district court has jurisdiction over civil cases where the amount in controversy exceeds $75,000 and complete diversity between the parties exists. *See* 28 U.S.C. § 1332.

EHD does not contest that Cincinnati Indemnity properly alleged diversity of citizenship jurisdiction. Instead, EHD relies on the legal principle that a defendant may waive its right to remove if it has litigated on the merits in the state court proceeding. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004).

The intent to waive the right to remove must be "clear and unequivocal." *Franklin v. City of Homewood*, No. 07-TMP-006-S, 2007 WL 1804411, at *5 (N.D. Ala. June 21, 2007). The court determines whether the defendant has litigated on the merits on a case-by-case basis. *See Yusefzadeh*, 365 F.3d at 1246 (citing *Hill v. State Farm Mutual Automobile Ins.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)). Courts consider two factors: "1) whether the actions taken by the Defendants in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and 2) whether the removal can be characterized as an appeal from an adverse judgment of the state court." *Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39, 40–41 (M.D. Ala. 1996); *see Franklin*, 2007 WL 1804411, at *5. "[S]ubstantial offensive or defensive action in the state court action indicating a willingness to litigate" will waive the defendant's right to remove unless "the defendant's participation in the state court has not been substantial or was dictated by the rules of that court." *Yusefzadeh*, 365 F.3d at 1246 (quoting CHARLES A. WRIGHT, ET AL., 14B FEDERAL PRACTICE & PROCEDURE § 3721 (2003)).

### III. Discussion

EHD contends that Cincinnati Insurance, by filing a case involving a particular insurance policy two hours *prior* to EHD filing a case involving that same policy against Cincinnati Indemnity, manifested Cincinnati Indemnity's intent to litigate the second-filed case in state court. In their motions and responses, the parties debate whether Cincinnati Indemnity was

3

"preserving the status quo" or "manifest[ing] an intent to litigate on the merits in state court." *Fain*, 166 F.R.D. at 40–41. But the factors outlined in *Fain* are unhelpful in this case.

The Cincinnati Insurance case neither preserves the status quo nor manifests an intent to litigate in state court its obligation to indemnify EHD under the insurance policy—the subject of this case. The Cincinnati Insurance case is an entirely different case filed by a different (although related) entity raising different causes of action regarding different transactions. That one policy at issue overlaps with the EHD case does not mean that these cases overlap on the merits. To the extent that EHD believes a party can see into the future and intend to litigate all claims not yet filed regardless of relatedness, this court disagrees.

EHD argues that the two cases will result in duplicative discovery because "[c]laims brought in one lawsuit may be defenses in the other lawsuit." (Doc. 5). In its answer to Cincinnati Insurance's complaint for failure to pay premiums, EHD's answer included a list of affirmative defenses, including "breach of contract." (Doc. 5 at Exhibit 4). While this pleading *may* include the nonpayment of EHD's insurance claim from the EHD case, EHD has not asserted that specifically. If the cases were so related, EHD would be required to file the breach of contract claim as a compulsory counterclaim in the Cincinnati Insurance case in state court. *See* Ala. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."). Instead, at this point these two separate cases are moving in separate directions and must be considered separately.

**IV. Conclusion**

For the reasons shown above, Cincinnati Indemnity has not waived its right to remove the second-filed case by manifesting an intent to litigate in state court. Therefore, removal in this case was proper. The court DENIES Plaintiff's motion to remand. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 3rd day of October, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE